In re R. Richard RISO, Debtor.

Victor W. DAHAR, Trustee, Plaintiff,

v.

HARRIS TRUST AND SAVINGS BANK as Trustee For Stepan Company Retirement Plan for Salaried Employees, and R. Richard Riso, Defendants.

Bankruptcy No. 84–340.
Adv. No. 87–0001.

United States Bankruptcy Court, D. New Hampshire.

Oct. 21, 1987.

Victor Dahar, Manchester, N.H., trustee.

Scott Golinkin, Chicago, Ill., Russell Hilliard, Concord, N.H., for Harris Trust & Sav. Bank.

Mark N. Berman, Andrew Troop, Boston, Mass., for R. Richard Riso.

## FINAL ORDER AND JUDGMENT

JAMES E. YACOS, Bankruptcy Judge.

This matter came before the Court on July 16, 1987 on R. Richard Riso's Motion for Partial Summary Judgment, and, after reviewing the pleadings and affidavits submitted to the Court and hearing the argument of counsel, the Court

FINDS that, while Defendant Riso's Motion for Partial Summary Judgment sought judgment in favor of Mr. Riso only with respect to those payments under the Stepan Company Retirement Plan for Salaried Employees (the "Plan") to which Defendant Riso has become entitled since the filing of his Chapter 7 Petition on June 7, 1984 (the "Filing Date"), no genuine issue of material fact exists with respect to the Plan, Mr. Riso's rights under the Plan and Mr. Riso's conduct with respect to the Plan and hence, all the issues in this adversary proceeding can be decided at this time without the need for a future trial; and the Court further

FINDS that the Plan is funded solely by Stepan Company and that Mr. Riso has made no contributions to the Plan; and the Court further

FINDS that the Plan is an ERISA and tax-qualified retirement plan which contains within it provisions restricting the voluntary and involuntary alienation of interests held by beneficiaries of the Plan, so called, spendthrift provisions; and the Court further

FINDS that the Plan should be construed and administered in accordance with the laws of the State of Illinois because the Plan is most closely connected to that state, the Plan provides that it shall be administered and construed in accordance with the laws of the State of Illinois, and conflicts of laws principles indicate that Illinois law should be applied when constuing and administering the Plan; and the Court further

FINDS that the spendthrift provisions contained in the Plan are enforceable under Illinois law and therefore are enforceable in this Chapter 7 case pursuant to 11 U.S.C. § 541(c)(2); and the Court further

FINDS that because the spendthrift provisions contained in the Plan are enforceable under Illinois law, it is not necessary to determine whether these provisions are enforceable in these proceedings because of ERISA or whether any of the Debtor's interest in the Plan is exempt under N.H. Rev.Stat.Ann. § 512:21(IV)(1983); and the Court further

FINDS that the spendthrift provisions in the Plan exclude from property of the Chapter 7 estate in this case only the Debtor's interest in the Plan to the extent that the Debtor had no right to payment under the Plan on the date of the filing of his Chapter 7 Petition; and the Court further

FINDS that as of the Filing Date and as of the date this matter was heard by the Court, the Debtor had not exercised an option under the Plan nor has he received any payment under the Plan; and the Court further

FINDS, that of the options available to the Debtor under the Plan, had the debtor exercised the one which would have produced the most money on the Filing Date, he would have been entitled to receive $13,-066.92 as a single lump sum payment from the Plan; and the Court further

FINDS that even if the Debtor had exercised this Option under the Plan on the Filing Date, he would have only been entitled to this single lump sum payment, and all future payments to be made to the Debtor by the Plan would be and are subject to the terms of the Plan including its spendthrift provisions; and the Court further

FINDS that because the Debtor had the possibility of receiving an amount equal to $13,066.92 under the Plan as of the Filing Date, this amount should be available to his creditors in this case; and the Court further

FINDS that to protect the integrity of the Plan and its ERISA and tax-qualified status, the Orders contained herein must run only to the Debtor, Mr. Riso, and no order compelling the Trustees under the Plan to allocate or distribute funds in a way at variance with the Plan is hereby contemplated.

Based upon these findings, it is hereby ORDERED, ADJUDGED and DECREED that:

1. R. Richard Riso's Motion For Partial Summary Judgment is allowed;

2. Final Judgment in this adversary proceeding is hereby awarded to Plaintiff Victor W. Dahar, the Debtor's Chapter 7 Trustee, in the amount of $13,066.92;

3. Defendant Riso shall exercise the payment option of his choice under the Plan;

4. Upon receipt of payment under the Plan, after exercising an option, Defendant Riso shall promptly pay over to his Chapter 7 Trustee, Victor W. Dahar, the sum of $13,066.92; and

5. Upon payment of said $13,066.92 by Defendant Riso to Victor W. Dahar, all obligations of both Defendant Riso and Defendant Harris Trust and Savings Bank to Victor W. Dahar and this Chapter 7 estate shall be satisfied and Victor W. Dahar and this Chapter 7 estate shall have no further interest in or claim against Defendant Riso's rights under the Plan.